## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

**IN RE:**

**BEATRIZ BRITO SANCHEZ**

**Debtor(s)**

**CASE NO. 13-05007 BKT**

**Chapter 13**

**FILED & ENTERED ON 11/1/2013**

## OPINION AND ORDER

Before this court is Debtor's Motion for Avoidance of Non-Possessory, Non-Purchase Money Security Interest Pursuant to Section 522(f) [Dkt. No. 13], Creditor's Opposition to Debtor's Motion [Dkt. No. 24] and Debtor's Reply to Creditor's Opposition [Dkt. No. 27]. For the reasons set forth below, Debtor's Motion for Avoidance of Non-Possessory, Non-Purchase Money Security Interest Pursuant to Section 522(f) is GRANTED.

The issue presently before this Court centers on whether Debtor's acquired goods fall under nonpossessory nonpurchase money security interest and thus may avoid a lien under the acquired "household good or furnishings exception" pursuant to 11 U.S.C. § 522(f)(1)(B)(i) and 11 U.S.C. § 522(d)(3). Consistent with the twin goals of bankruptcy, section 522(f) of the federal bankruptcy law prevents creditors from overreaching debtor's fresh start through unfavorable reaffirmation on debts otherwise secured by exempted property. H.R. No. 595, 95th Cong. 1st Sess., 127 (1977), reprinted in 1978 U.S.Code Cong. & Admin. News, pp. 5787, 6087–88; In re Efron, 495 B.R. 166, 175 (Bankr. D.P.R. 2013) (citing In re Ramos, 494 B.R. 181, 187 (Bankr. D.P.R. 2013)) (discussing twin goals of the bankruptcy code); see also In re Concepcion, 494 B.R. 622, 625 (Bankr. D.P.R. 2013). Consequently, the bankruptcy code permits a debtor seeking his or her fresh start, to ask a

bankruptcy court to void entire liens or portions of liens. 11 U.S.C. § 522(f) provides that:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> > (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or
> > (B) a nonpossessory, nonpurchase-money security interest in any—
> > > (i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
> > > (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
> > > (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

In defining the term "household good", Section 522 states:

> (4) (A) Subject to subparagraph (B), for purposes of paragraph (1)(B), the term "household goods" means—
> > …
> > (ii) furniture;
> > (iii) appliances;
> > …
> > (v) 1 television;
> > (i)        …

11 U.S.C. § 522.

In the motion presently before this Court, Debtor claims the following: Home Theater in the amount of $150.00, Washer and Dryer in the amount of $250.00, and Bed (with mattress and box) in the amount of $250.00. These items fall squarely into the definition of household goods for purposes of Section 522(f)(1)(B). Although Creditor contends that Debtor's claimed items are "not [] nonpurchase-money security interests since the debtor did not have prior ownership of the merchandise[s]," Creditor failed to substantiate its allegations and/or to provide the Court with adequate evidence establishing such arguments.

WHEREFORE, IT IS ORDERED that Debtor's Motion for Avoidance of Non-Possessory, Non-Purchase Money Security Interest Pursuant to Section 522(f) shall be, and it hereby is, GRANTED.

In San Juan, Puerto Rico this 1st day of November, 2013.

Brian K. Tester
U.S. Bankruptcy Judge